*502 JUSTICE REGNIER,
dissenting.
I agree with the majority’s opinion on Issues 1 and 2; however, I disagree with the majority on Issue 3 and respectfully dissent.
The majority concludes that the Local Vicinity Plan for the north portion of Jefferson County, which was adopted by resolution on September 26,1995, unlawfully repeals the Jefferson County Master Plan. The Jefferson County Board of Commissioners adopted the Local Vicinity Plan on September 26, 1995, in compliance with § 76-1-604, MCA. Section 76-1-604, MCA, provides, in part:
(1) The governing bodies shall adopt a resolution of intention to adopt, revise, or reject the proposed plan or any of its parts.
(3) The governing bodies may adopt, revise, or repeal a master plan under this section.
This statute gives the Board, as a matter of law, the authority to adopt, revise, or repeal the Master Plan, or any of its parts. The Board acted within its statutory authority when it adopted the Local Vicinity Plan which resulted in a revision of the Master Plan.
The majority relies upon our decisions in Bridger and Little in reaching their decision. In my view, both cases are distinguishable. In Little, we noted that the Flathead County Board of Commissioners, which was involved in adopting zoning for a tract of land on which a shopping mall was proposed to be built, was required to substantially adhere to the master plan for the area, which established medium density residential use. The commissioners in that case essentially ignored the master plan which prohibited the type of proposed commercial development in the area which was designated for residential use. In Little, we stated: “We are aware that changes in the master plan may well be dictated by changed circumstances occurring after the adoption of the plan. If this is so, the correct procedure is to amend the master plan, rather than to erode the master plan by simply refusing to adhere to its guidelines.” Little, 193 Mont. at 354, 631 P.2d at 1293.
Bridger, which was also a zoning case, involved an appeal from a district court order upholding the decision of the planning and zoning commission to approve a planned unit development in Bridger Canyon. The Bridger Canyon Property Owners argued that the commission lacked authority to approve the PUD because the zoning ordinance under which that PUD was approved conflicted with the general plan and development guide of Bridger Canyon. In Bridger, we held that the commissioners were required to comply with the *503 general plan when adopting zoning ordinances. Bridger Canyon Property Owners’ Assoc. v. Planning and Zoning Comm’n (1995), 270 Mont. 160, 175, 890 P.2d 1268, 1277.
In neither Bridger nor Little did the county commissioners amend or revise the master plan but, rather, attempted to adopt zoning ordinances which were inconsistent and conflicting with the master plan. In the present case, the Jefferson County Board of Commissioners adopted a local vicinity plan and specifically revised the master plan by including language that any provisions inconsistent with the vicinity plan would be “deemed amended, repealed, and/or superseded by the provisions of the Vicinity Plan.” In revising the Master Plan, the Board followed the procedure we stated was necessary in Little.
It is also important to note that the Jefferson County Board of Commissioners was not acting independently of the Jefferson County Planning Board. Unlike Little, where the commissioners adopted a resolution of intent without involving the planning board, the Local Vicinity Plan adopted by the Jefferson County Board was the result of an extensive process. It included public hearings before the Jefferson County Planning Board which ultimately recommended the adoption of the Local Vicinity Plan. This process also included a lengthy period of public comment before the Local Vicinity Plan was ultimately adopted by the Board of Commissioners.
The majority is concerned that the procedure followed in this instance may potentially result in piecemeal revisions of the Master Plan, until ultimately the Master Plan becomes a meaningless document. This may certainly occur. However, demographics change and the Legislature provided for a statutory framework which allows for master plans to be revised and changed to accommodate both population changes and resulting land use decisions. The Jefferson County Board followed this framework when it adopted the Local Vicinity Plan.
In summary, this is not a case where the commissioners adopted a zoning ordinance without input from the planning board or in contradiction with the master plan. It is an amendment to the master plan which the commissioners have authority to make. The Board acted entirely within its statutory authority, as the District Court so found.
Therefore, as to Issue 3,1 would affirm the decision of the District Court.
*504 JUSTICE TRIEWEILER and JUSTICE HUNT join in the foregoing dissent of JUSTICE REGNIER.